UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABD ELRHAHMAN,

                        Plaintiff,

          -against-

TWIN PEAKS, INC.,

                        Defendant.
-----------------------------------------------------------x

MEMORANDUM & ORDER
15-CV-5792 (ENV)(RLM)

VITALIANO, D.J.

      On or about August 31, 2015, plaintiff commenced this action in Supreme Court, Kings County, asserting claims for nonpayment or underpayment of wages. At least one claim, brought under 20 C.F.R. § 655.731(c)(7)(i) and (ii), has asserted federal roots; others are brought as state and local New York claims. Defendant was served on or about September 10, 2015, and timely sought removal, pursuant to 28 U.S.C. § 1331, on October 7, 2015. In a subsequent pre-motion conference letter, plaintiff requested leave to strike the first and second causes of action (the only counts invoking federal law), to amend the fourth cause of action to include a reference to New York Labor Law § 191, and to remand the complaint as amended to state court. Defendant, while apparently joining in plaintiff's request to dismiss the first and second causes of action (relief it had requested in its own letter), nevertheless opposes plaintiff's request for remand. Defendant argues that plaintiff's claims have their basis in federal law, which a federal court is best suited to administer. Defendant does not respond to plaintiff's request to amend the fourth cause of action, which, in the absence of opposition, is granted.

      Since both sides urge dismissal of the first two counts of the complaint, that relief is granted, and they are dismissed without prejudice. However, as is obvious from the face of the complaint, and as defendant itself acknowledges (see Def. First Letter, Dkt. No. 8, at 1), the

remaining causes of action in the complaint plead only state and local claims. In line with the time-tested "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998). The basis for federal jurisdiction, in other words, must be found within the four corners of the complaint. As amended, no such claim appears.

While it is true that the Court may still exercise supplemental jurisdiction over a complaint that once alleged federal claims if it so chooses, see 28 U.S.C. 1367(c), defendant's arguments for doing so are unpersuasive. Whatever defenses it wishes to interpose, whether or not federal in nature, it may do so in state court. Indeed, if the complaint as amended were the one originally filed in state court, removal would be unavailable, regardless of the existence of federal defenses. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 14, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). Moreover, other than litigation over plaintiff's request for remand, the case is not substantially advanced, and there is little reason to oust plaintiff from his preferred forum. Rather, the interests of federalism and judicial economy are best served by remand to state court. See Rosado v. Wyman, 397 U.S. 397, 403, 90 S. Ct. 1207, 1213, 25 L. Ed. 2d 442 (1970).

## Conclusion

For the foregoing reasons, plaintiff's motion to dismiss the first and second causes of action, to amend the fourth cause of action, and to remand the complaint as amended to the state court from which it was removed is granted.

The Clerk of Court is directed to effectuate remand of this action to Supreme Court, Kings County, and to close this docket for administrative purposes.

So Ordered.

Dated: January 20, 2016
      Brooklyn, New York

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

3